The opinion of the Court was delivered by
O’Neall, J.
The very able argument which this case received, would, if it were attempted to be followed in the opin *360 ion, lead to an almost interminable course of reasoning, and examination of the authorities cited. But that I do not think is ever necessary. Argument completes its purpose, when it satisfies the minds of its auditors of the truth of that which it was intended to prove. A decision is altogether another matter; it should announce the resolution of the Court, as it was formerly called, in the clearest manner possible, and sustain it by no more reasons than may be necessary to make it plain.
In this case, I come to my conclusion in a very plain way.
The bond, upon a fair construction of its condition, means, that the defendant should cause to be executed to the plaintiffs such titles to the land, as should be adjudged by the Court of Equity to be sufficient. The duty was upon him to procure this decision of the Court upon the title which he was prepared to render and give. It may be, that there may be some excuse, which may relieve him from obtaining such a decision. If, for example, he had filed the bill, and the Court on hearing it, had refused to adjudge the matter, then it may be that this would excuse him.
Looking at the bond in this way, there can be no doubt, that the plea is no answer to the declaration, which relies upon the defendant’s failure to make such titles to the plaintiffs as were adjudged by the Court of Equity to be sufficient, as a breach of the condition of the bond. A plea must traverse, or confess and avoid every material allegation in the declaration. (1 Chit. PI. 523.) This the defendant’s plea has not done. It is merely an affirmance that he had tendered a good title, and that the plaintiffs were in no respect damnified. It omitted to meet the allegation, that the defendant was bound to tender a title adjudged to be sufficient by the Court of Equity. The replication to the plea is, perhaps, little more than an argument against the plea; and, in this respect, it may not be good. But that is perfectly immaterial. For the defendant’s demurrer carries us back to the first fault, in pleading : that is found to be in the defendant’s plea not having sufficiently answered the declaration. The plaintiffs, therefore, on the demurrer, were clearly entitled to *361 judgment for their debt. Respondeat ouster could not be awarded in such a case. On special demurrer the judgment is? that the party plead over, or amend on payment of costs.— McFarland vs. Dean, (Chev. 64). But on general demurrer (which was the case here) the judgment is final. Moore vs. Burbage, (2 McM. 168).
It may be, as I think is very probable, that the plaintiffs on executing their writ of inquiry, or rather, on submitting the condition of the bond to the jury to inquire for their damages, will not be entitled to more than nominal damages, if it should turn out, as the defendant alleges, that he has tendered good and sufficient titles: but the burden of shewing this will be upon the defendant. Unquestionably, the plaintiffs cannot recover back their purchase money, unless they have surrendered to the defendant the possession of the land. The utmost damages which they could ask, would be the expenses of clearing away and removing the doubts upon their title (if there be any) in the Court of Equity.
The motion to reverse the decision on the demurrer is dismissed : that to reverse the decision allowing the defendant to plead over is granted.
1 EvaNs, Wardlaw, Frost, Withers and Whither, JJ. concurred.